IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | |
| ED PHILLIP NELSON, and<br>WILLIE BERNARD PARTRIDGE | : | Civil Action No.<br>5:07-CR-63-HL |
| Defendants. | : | |

# **ORDER**

Before the Court is Defendant Ed Phillip Nelson's Motion to Suppress (Doc. 38) and Defendant Willie Bernard Partridge's Motion to Suppress (Doc. 47). For the following reasons, Defendants' Motions are denied.

**I.      FACTS**

On April 11, 2007, at approximately 9:00 p.m., Officers Gary Long and J.T. Nix of the Butts County Sheriff's Office conducted a traffic stop of a vehicle on I-75 that had Florida tags and was driven by Defendant Partridge and occupied by Defendant Nelson. The Government's asserted basis for the traffic stop was that the window tint on Defendants' vehicle was darker than allowed by O.C.G.A. § 40-8-73. When Defendant Partridge applied the brakes to pull over after he was blue-lighted, the officers also noticed that the passenger side brake light was not operative, which violated O.C.G.A. § 40-8-25(b).

Upon pulling over Defendants' vehicle, the officers approached the vehicle and began

1

to question Defendants. According to Officer Long, Defendant Nelson appeared unusually nervous. Specifically, Defendant Nelson's heart was beating so hard that it was visible through his shirt and he was sweating profusely. Officer Nix then asked Defendant Partridge to step to the rear of the vehicle. At that time, the officers questioned each Defendant separately about where they had been and received different stories from each. Officer Long radioed in the Defendants' license information to dispatch. While waiting for a response from dispatch, Officer Long removed his drug dog, Drago, from his patrol vehicle and walked the dog around Defendants' vehicle. During the free air sniff, the K-9 alerted to the passenger door and the driver's side door. Sgt. Long then told Defendant Partridge that he was going to conduct a probable cause search of Defendants' vehicle based on the K-9's positive response. During the search of the vehicle's trunk, Sgt. Long discovered seven one-kilogram bricks of cocaine and a tote bag that contained approximately $35,000 in cash. Defendants were then arrested based on the discovery of the drugs and issued citations for the window tint and brake light violations.

## II. ANALYSIS

In his Motion, Defendant Nelson claims that (1) the officers did not have reasonable suspicion to stop the vehicle, (2) the officers illegally extended the duration of the traffic stop by questioning Defendants, (3) the officers illegally extended the duration of the traffic stop by conducting a free air sniff with the K-9, and (4) the officers did not have probable cause to search the vehicle. After Defendant Nelson filed his Motion, Defendant Partridge, the driver, filed a Motion to Join in Defendant Nelson's Motion to Suppress. At the hearing,

Defendants raised two additional issues that were not specifically raised in their Motions. First, Defendants allege that the initial stop of the vehicle was unconstitutional because Georgia's window tint statute violates the United States Constitution. Second, Defendants contend that the actual search of the vehicle was not supported by probable cause because the K-9 used in this case was not sufficiently reliable at the time it was used. Because this search was conducted without a warrant, the Government bears the burden of proving the reasonableness of the search. See United States v. Freire, 710 F.2d 1515, 1519 (11th Cir. 1983).

1. **The Initial Stop of Defendants' Vehicle**

The officers originally pulled over Defendants' vehicle because its window tint was so dark that it violated Georgia law. As a result, the initial traffic stop of the vehicle was lawful because the officers had probable cause to believe that a traffic violation had occurred. See Whren v. United States, 517 U.S. 806, 810 (1996). At the hearing, the Defendants asserted that Georgia's window tint statute violates Defendants' due process rights because Defendants' vehicle, which was registered and licensed in Florida, complied with Florida's window tint statute. Even if the application of Georgia's window tint statute violated the Defendants' due process rights, the evidence would still not be suppressed. See Michigan v. DeFillippo, 443 U.S. 31, 38 (1979) (holding that the exclusionary rule does not require suppression of evidence obtained after a search incident to an arrest for violating an ordinance even when the ordinance is subsequently declared unconstitutional). The only relevant issue is whether the officers had probable cause to believe that Defendants' vehicle

3

violated Georgia law, and this Court finds that these officers did hold that belief. Accordingly, this Court finds that the initial stop of Defendants' vehicle was lawful.

2. **Duration of the Traffic Stop**

Defendants argue that the officers illegally extended the duration of the traffic stop by questioning them and by conducting a free air sniff with the K-9. Officer Long testified at the hearing that Defendant Nelson appeared extremely nervous when he pulled Defendants over. In addition, Officer Long testified that each Defendant provided different stories about where they had been.[1] Because of Defendants' suspicious behavior, the officers had reasonable suspicion that criminal activity may have been afoot, and therefore, they had a duty to investigate further. See United States v. Harris, 928 F.2d 1113, 1117 (11th Cir. 1991). The officers carried out this duty by questioning Defendants and by running their license information. While the officers waited for a response from dispatch about the Defendants' license information, Officer Long removed Drago from his patrol vehicle and walked Drago around Defendants' vehicle to conduct a free air sniff. Approximately twelve minutes elapsed from the time Defendants were pulled over to the time they were arrested. Based on the suspicious behavior of Defendants and the limited duration of the traffic stop, this Court finds that neither the questioning of Defendants nor the use of Drago to conduct a free air sniff of the vehicle impermissibly extended the stop's duration. See Illinois v. Ceballes, 543 U.S. 405, 407-08 (2005) (holding that a free air sniff of a stopped vehicle does

---

[1]Defendants did not testify at the hearing in attempt to controvert this testimony.

not implicate the Fourth Amendment, so long as the stop is not unreasonably extended to permit the free air sniff).

    **3.**    **Probable Cause to Search Defendants' Vehicle**

Defendants final argument in support of their Motion to Suppress is that the search of Defendants vehicle was not supported by probable cause. It is well-established that police officers have probable cause to search a vehicle once a drug-sniffing dog alerts to the vehicle. See United States v. Dunkley, 911 F.2d 522, 527 (11th Cir. 1990). Defendants contend, however, that Drago's positive alert cannot be used as a basis for a probable cause finding because Drago was not sufficiently reliable. Defendants admit that there is very little Eleventh Circuit authority that addresses the requirement that a drug dog be sufficiently reliable to support a probable cause finding. In United States v. Stenovich, 677 F.2d 834 (11th Cir. 1982), a case cited by Defendants at the hearing, a drug dog's positive alert to the defendant's luggage was used a basis for a search warrant. Id. at 838 n.8. The application for the search warrant simply alleged that the drug dog had been trained in drug detection. The defendant alleged that the dog's reaction could not be used as a basis for the search warrant because there was insufficient evidence of the drug dog's reliability. Specifically, the defendant asserted that the application for the search warrant should have stated that the dog was reliable in the past and that an experienced handler was with the dog. In dicta, the Eleventh Circuit rejected the defendant's contention and concluded that "training of a dog alone is sufficient proof of reliability." Id.

In this case, there is sufficient proof of Drago's reliability. The Butts County Sheriff's

Department received Drago from South Georgia K-9 in Dooly County, Georgia. Officer Long testified that South Georgia K-9 trains dogs in drug detection. After the dogs have been sufficiently trained, the dogs are paired with their prospective handlers for a one-week training course. On March 15, 2007, approximately one month before the search in this case, Officer Long and Drago completed South Georgia K-9's week long course and received a certificate of completion. (Govt.'s Ex. 4). After completing this course, Officer Long continued to train Drago in narcotics detection, as evidenced by the training records submitted by the Government at the hearing. (Govt.'s Ex. 6). Based on the testimony of Sgt. Long and the Government's exhibits, this Court finds that Drago was sufficiently reliable to support a finding of probable cause to search Defendants' vehicle.

### III. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Suppress is denied.

**SO ORDERED**, this the 6th day of February, 2008.

    _s/ Hugh Lawson_
    **HUGH LAWSON, JUDGE**

dhc